

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8646 | **DATE** | 4/9/2003 |
| **CASE TITLE** | US ex rel. David Gethers vs. Blair J. Leibach | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We deny Petitioner David Gethers' petition for habeas relief.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 10 2003 | |
| | Notified counsel by telephone. | | date docketed | 11 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DAVID GETHERS, <br><br> Plaintiff, <br><br> vs. <br><br> BLAIR J. LEIBACH, <br><br> Defendant. | 02 C 8646 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Petitioner David Gethers' request for habeas relief under 28 U.S.C. § 2254. For the reasons set forth below, we deny the petition.

## BACKGROUND

Gethers is serving a thirty-year prison sentence in the custody of the State of Illinois. He was convicted by a jury for the murder of Calvin Sutton, the estranged husband of his girlfriend, Valerie Jones. Gethers admitted fatally shooting Sutton but maintained that it was in self-defense. The jury convicted him of first degree murder anyhow.

## LEGAL STANDARD

Gethers must demonstrate that the adverse state court proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 379 (2000).

## DISCUSSION

Gethers alleges that his conviction is unconstitutional because he was denied due process in the following ways:

1. The trial court gave inconsistent instructions to the jury;

2. The trial court excluded his testimony that he knew the deceased carried a weapon; and

3. Prosecutorial improprieties during cross-examination and closing arguments.

## I. Inconsistent Instructions

Gethers complains that the jury was given two different jury instructions: one for first degree murder and one for second degree murder. The instruction for first degree murder directed the jury to find Gethers guilty if the State had proven the elements beyond a reasonable doubt. ILLINOIS PATTERN JURY INSTRUCTION –

CRIMINAL 7.02 3d ("IPI 7.02"). The instruction for second degree murder begins with the entirety of IPI 7.02 followed by the following language:

> If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, then you should go on with your deliberations to decide whether a mitigating factor has been proved so that the defendant is guilty of the lesser offense of second degree murder instead of first degree murder.
>
> You may not consider whether the defendant is guilty of the lesser offense of second degree murder until and unless you have first determined that the State has proved beyond a reasonable doubt each of the previously stated propositions.
>
> The defendant has the burden of proving by a preponderance of the evidence that a mitigating factor is present so that he is guilty of the lesser offense of second degree murder instead of first degree murder. By this I mean that you must be persuaded, considering all the evidence in this case, that it is probably more true than not true that either of the following mitigating factors is present: that the defendant, at the time he performed the acts which caused the death of [Calvin Sutton], believed the circumstances to be such that they justified the deadly force he used, but his belief that such circumstances existed was unreasonable, or acted under a sudden and intense passion resulting from serious provocation by the deceased
>
> If you find from your consideration of all the evidence that the defendant has proved by a preponderance of the evidence that either mitigating factor is present so that he is guilty of the lesser offense of second degree murder instead of first degree murder, you should find the defendant guilty of second degree murder.
>
> If you find from your consideration of all the evidence that the defendant has not proved by a preponderance of the evidence that either mitigating factor is present so that he is guilty of the lesser offense of second degree

> murder instead of first degree murder, you should find the defendant
> guilty of first degree murder.

ILLINOIS PATTERN JURY INSTRUCTION – CRIMINAL 7.06B 3d ("IPI 7.06B"). Gethers argues that it is possible that the jury convicted him after only deliberating on IPI 7.02 and therefore never considered whether a mitigating factor existed. Alternatively, Gethers argues that it is possible that the jury convicted him after considering both jury instructions and, despite finding a mitigating factor, convicted him of first degree murder anyhow under IPI 7.02 because that instruction makes no exception for mitigating factors.

The trial court clearly erred in providing the jury with both instructions. IPI 7.06B, entitled "Issues Where Jury Instructed On Both First Degree Murder And Second Degree Murder--Both Provocation And Belief In Justification", is the only instruction that should have been before the jury. IPI 7.02, entitled "Issues In First Degree Murder (When Second Degree Murder Is Not Also An Issue)", should not have been provided to the jury. Gethers argues that this error was a violation of his due process rights and cites a similar case for support: *Falconer v. Lane*, 905 F.2d 1129 (7th Cir. 1990). In *Falconer*, a convicted murderer successfully petitioned this court for habeas relief because the jury was given inconsistent instructions as to both murder

and voluntary manslaughter.[1] *Id* at 1135. In affirming this court's conditional grant of habeas, the Seventh Circuit noted that "the jury may have been left with the false impression that it could convict petitioner of murder even if she possessed one of the mitigating states of mind described in the voluntary manslaughter instruction." *Id* at 1136. The court further explained:

> No matter which side carried the burden of proof on any particular element or defense, there can be no question that a murder verdict would have been improper if the jury had found one of the mitigating mental states. The murder instruction, in other words, read as though voluntary manslaughter did not exist as a crime. No matter how clearly either the State or the defense proved the existence of the mitigating "manslaughter defenses," the jury could nevertheless return a murder verdict in line with the murder instruction as given.

*Id.*

At first glance, *Falconer* appears remarkably similar to the instant case. At the end of Gethers's trial, however, the jury was given adequate instructions to avoid any such misunderstanding between first and second degree murder. Before receiving the jury instructions, the jury was told the relationship between the two degrees of murder and was directed to follow all of the instructions and to not disregard any of them. Additionally, the prosecutor told the jury during closing arguments that a mitigating

---

[1] In 1987, the Illinois legislature "abolished the offense of voluntary manslaughter, and substituted for it the offense of second degree murder." *People v. Jeffries*, 646 N.E.2d 587, 590 (Ill. 1995).

factor could reduce the offense of first degree murder to second degree murder. There is no question that the jury actually deliberated on the issue of mitigating factors. During deliberations, the jury asked the court, "In the instance of second degree murder, can you please clarify" the following: "If you choose one mitigating factor and not both, is it second degree murder?" Although the trial court erred in giving both instructions, the error was harmless.

## II. Exclusion of Testimony

Gethers complains that the court denied him a fair trial when it excluded his testimony concerning his state of mind. Specifically, the court excluded his testimony that Jones had told him Sutton carried a gun. The evidence would have been relevant to Gethers's state of mind and, therefore, to the mitigating factor that he believed, albeit unreasonably, that deadly force was justified. The trial transcript reads as follows:

> BY MR. STARKS (defense counsel):
> Q. Mr. Gethers, did you know whether or not Mr. Sutton carried a gun?
> A. Yes, I did.
> MR. HUGHES (prosecutor): Objection, your Honor.
> THE COURT: Overruled.
> BY MR. STARKS:
> Q. How did you know that?
> A. I was informed that by Valerie Jones.
> MR. HUGHES: Objection.
> THE COURT: Sustained.
> MR. STARKS: Nothing further.

> THE COURT: I will ask you, ladies and gentleman, to disregard that
> answer.

(Gethers Petition at 11.) Gethers argues that the court's ruling violated his due process right of "a meaningful opportunity to present a complete defense" as provided for in *Crane v. Kentucky*, 476 U.S. 683, 690 (1986). Defendant made the same argument to the state appellate court, and that court determined that Gethers had twice waived the argument under Illinois procedural law:

> Initially, we note that following the court's ruling on the prosecutor's objection, defense counsel failed to make any offer of proof regarding whether Jones told defendant that Sutton carried a gun. The State argues that defendant has accordingly waived the issue, and we agree. Failure to make an adequate offer of proof results in a waiver of the issue on appeal. In addition, defendant failed to raise the issue in his motion for a new trial. This failure results in waiver as well.

(State Answer at Ex. A, Order of the Illinois Appellate Court, First District, No. 1-98-4490 at 14-15 (citations omitted).) Accordingly, Gethers has procedurally defaulted on his exclusion of evidence argument. *See Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002) (procedural default occurs if "a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement."); *see also Szabo v. Walls*, 313 F.3d 392, 395 (7th Cir. 2002) ("A state is entitled to treat as forfeited a proposition that was not presented in the right court, in the right way, and at the right time--as state rules define those courts, ways, and

times."). Procedural default "bars federal [habeas] review unless the petitioner demonstrates cause for the default and actual prejudice as a result of the failure, or demonstrates that the failure to consider the claims will result in a fundamental miscarriage of justice." *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002). Gethers has made no attempt to demonstrate that either exception to the procedural bar rule applies. Accordingly, his due process claim based on the excluded testimony is barred from review.

### III. Prosecutorial Improprieties

Gethers complains that the prosecution improperly questioned him during cross-examination and made improper statements during closing arguments. Specifically, Gethers complains:

> The prosecution wrongly forced petitioner to comment on the credibility of the State's witnesses and then repeatedly ridiculed him in closing arguments for calling the State's witnesses liars. Second, the prosecutors made repeated claims that petitioner was charging that all the State's witnesses were lying and misstated the law by suggesting to the jury that in order to acquit the defendant, it must find that every single state's witness [sic] lied. Further the prosecution distorted the burden of proof by implying that Gethers was required to present evidence to explain why the State's witnesses would lie. Lastly, the prosecution misrepresented the role of the jury and diminished the presumption of innocence by telling the jury that it represents the victim.

(Gethers Petition at 12.)

As we stated earlier, Gethers must demonstrate that the complained-of state ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 379 (2000). He has utterly failed to meet this burden.

## CONCLUSION

Based on the foregoing analysis, we deny the petition.

*Charles P. Kocoras*
Charles P. Kocoras
Chief Judge
United States District Court

Dated: APR - 9 2003